UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-21-2570 |
| MARIAN FOGAN, and SCOTT MORAN, DR., | * | |
| | * | |
| Defendants. | | |

\*\*\*

**<u>MEMORANDUM</u>**

Michael Johnson, self-represented, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Marian Fogan and Dr. Scott Moran, pertaining to conditions of confinement at Clifton T. Perkins Hospital Center ("Perkins"). ECF No. 1. Johnson has also filed a supplement to his complaint. ECF No. 22. Johnson was housed at Spring Grove Hospital Center at the time he filed his complaint, and remains housed at this facility. ECF Nos. 1, 33-2.

Defendants Fogan and Moran have filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 24. Johnson filed a response in opposition to the motion. ECF Nos. 32, 33. No hearing is required. *See* Local Rule 105.6 (D. Md. 2021).

For the reasons that follow, the Defendants' motion, construed as a motion to dismiss, shall be granted.

**Factual Background**

In January 2001, Johnson was found not criminally responsible on charges filed in the District Court for Howard County, Maryland. ECF No. 24-4. Johnson was then committed to the Department of Mental Health and Mental Hygiene at Perkins for treatment.[1] ECF No. 24-3.

---

[1] The commitment order refers to the Defendant in the criminal case as Robert Miller, but as noted in ECF No. 24-4 at 1, Robert Miller is also known as Michael Johnson.

Subsequently, in March 2006, Johnson was convicted on criminal charges in the Baltimore County Circuit Court, and ordered to a serve an aggregate term of 30 years of incarceration. ECF Nos. 24-5; 24-6. Johnson's sentence on this conviction is running while he is in the custody of the Department of Mental Health and Mental Hygiene. ECF Nos. 24-5; 24-6.

Johnson claims that in 2020, due to flooding and maintenance problems at Perkins, Defendants Fogan and Moran ordered staff to move all patients off Ward 1 - East to the multi-purpose room. ECF 22. He was one of the patients moved off the ward, and was housed in the multi-purpose room from October 1 through 4, 2020, and then again from October 17 through October 21, 2020. *Id.* In the multi-purpose room, he was denied showers, hot food, and clean clothes, had to sleep on a cold floor with no mattress, and shared an overcrowded bathroom with many other patients. ECF Nos. 1-1; 22. Johnson states that he and others brought the living conditions to the attention of the Defendants, who took no action to improve conditions. ECF No. 22. He states that his Eighth Amendment rights have been violated and seeks monetary relief. ECF No. 1 at 3.

Defendants do not provide any information disputing the facts as alleged by Johnson, and make purely legal arguments in support of their motion. ECF No. 24. Johnson's response to the motion further argues in support of his claims. ECF Nos. 32, 33.

## Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c),

as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The court is mindful that Johnson is a self-represented litigant.  A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim.  *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).  A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

Because Plaintiff's complaint fails to state a claim upon which relief may be granted, this Court will not convert Defendants' motion to one seeking summary judgment. The Court notes that the materials submitted by Defendants in support of their motion pertain solely to Johnson's custody status, include public records, and are identical to documents already on the record.  *See* ECF Nos. 5-1–5-4; 24-3 – 24-6.  The documents are properly considered in context of Defendants' motion to dismiss.

## Discussion

Defendants assert that they are entitled to dismissal because 1) the Eighth Amendment does not apply to Johnson's commitment to a psychiatric hospital; 2) even if the Eighth Amendment applies, Johnson fails to state a claim; 3) Johnson has also failed to state a substantive due process claim; and 4) Defendants are entitled to qualified immunity.

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To determine if Johnson has stated a claim, the Court must first discern the nature of the right he alleges has been violated. Johnson claims that his Eighth Amendment rights have been violated, while Defendants assert that Johnson's claims fall under the Fourteenth, not Eighth Amendment. For the reasons that follow, the Court finds that Johnson's claims, if sufficiently alleged, fall under the Eighth Amendment.

If Johnson is a civil detainee, his conditions of confinement claims sound in the Fourteenth Amendment, but if he is determined to be a prisoner, his claims sound in the Eighth Amendment. In the case of patients committed to state psychiatric facilities, constitutional claims pertaining to conditions of confinement are properly asserted under the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315-16 (1982); *Patten v. Nichols*, 274 F.3d 829, 837 (4th Cir. 2001). In the case of individuals committed for crimes, however, claims pertaining to conditions of confinement are properly asserted under the cruel and unusual punishment standard of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 318-20 (1986); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016).

The Court evaluated Johnson's custodial status at the time he filed his complaint to determine if the filing fee provisions of the Prisoner Litigation Reform Act ("PLRA") applied to his application for in forma pauperis status. ECF No. 4. *See* 28 U.S.C. §1915. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted

of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h), *see also Michau v. Charleston Cty.,* 434 F.3d 725, 727-28 (4th Cir. 2006) (person civilly committed under the state's Sexually Violent Predators Act was not a "prisoner" within the meaning of the PLRA); *Kelly v. Maryland*, No. AW-07-2601, 2007 WL 5234145, at *2 n.5 (D. Md. Oct. 16, 2007) (person civilly committed to Clifton T. Perkins Hospital after a verdict of not criminally responsible is not a "prisoner" within the meaning of the PLRA).

In response to the Court's request, counsel for Defendants stated that even though Johnson is held under a civil commitment, he falls within the definition of "prisoner" under the PLRA due to his subsequent 2006 criminal conviction, for which his sentence is running. ECF No. 5. The Court agreed, and applied the PLRA filing fee provisions to Johnson. ECF No. 10.

Although the PLRA finding is not determinative in assessing the issue of whether the Eighth or Fourteenth Amendment applies here, the Court finds that based on Johnson's criminal conviction and the fact that his sentence was running while he was housed at Perkins, the Eighth Amendment does apply in the context of Johnson's claims. The claims will be assessed under the Eighth Amendment standard.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. In order to establish the

imposition of cruel and unusual punishment in conditions of confinement, a prisoner must prove two elements: that "'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that *subjectively* the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

The objective prong of a conditions claim requires the prisoner to "'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). To be "sufficiently serious," the deprivation must be "extreme"—meaning that it poses "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted). Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993); *Webb v. Deboo*, 423 F. App'x 299, 300 (4th Cir. 2011).

To establish a sufficiently culpable state of mind, there must be evidence of deliberate indifference such that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U.S. at 302-303 (applying the deliberate indifference standard to

conditions of confinement claims). "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

The objective prong requires a determination whether Johnson has adequately alleged significant physical or emotional injury or a substantial risk of serious harm resulting from the conditions he describes at Perkins. Johnson claims that he was temporarily housed in the multi-purpose room for a period of three days, from October 1 through 4, 2020, and subsequently for four days, from October 17 through October 21, 2020. ECF No. 22. In the multi-purpose room, he was denied showers, hot food, and clean clothes, had to sleep on a cold floor with no mattress, and shared a bathroom with many other patients. ECF Nos. 1-1; 22. He alleges generally that those conditions caused "pain and suffering." *Id.*

Johnson was provided with an opportunity to amplify his claims to provide additional information, ECF No. 10, yet his supplement again simply states that he endured "pain and suffering" as a result of the conditions. ECF No. 22 at 2. He does not allege that any of the conditions either alone, or in combination, caused him injury or put him at risk of harm.

Prison officials have a duty to "provide humane conditions of confinement ... [and] ensure that inmates receive adequate food, clothing, shelter, and medical care." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. at 832). The conditions that Johnson describes, however, though certainly uncomfortable, do not rise to the level of an Eighth Amendment violation. This is particularly clear when viewed in the context of the limited time period when these events took place, the emergent conditions relating to flooding, and the lack of any allegations that Johnson was harmed or at risk of harm.

This is not to say that the conditions as described could not amount to an Eighth Amendment violation if suffered over a prolonged period of time. *See, e.g., Rivera v. Mathena*, 795 F. App'x 169, 174-76 (4th Cir. 2019) (internal quotation and citation omitted) (A restriction to two showers or exercise periods per week might not violate the Eighth Amendment if confined to a relatively short period of maximum confinement, but if extended over a period of years and perhaps indefinitely, the rule may be quite different.).

Further, in regard to nutrition, inmates have a right to "nutritionally adequate food, prepared and served under conditions which do not present immediate danger to the health and well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (internal quotations and citations omitted). Food that sometimes is served cold, however, does not amount to a constitutional deprivation. *Allen v. Maryland*, No. L-10-353, 2010 WL 727753, at *1 (D. Md. Feb. 25, 2010) (citations omitted).

Similarly, in regard to Johnson's claims that he slept on the floor without a mattress and the bathroom was overcrowded, Johnson fails to allege that he was harmed or at risk of harm in some manner, for the limited period of time he was exposed to these conditions. By contrast, being denied a mattress for over four months could pose a risk of harm to an inmate. *Putney v. Likin*, 656 F. App'x 632, 637 (4th Cir. 2016).

In sum, Johnson suffered deprivations for a short period of time (three days, and then four days) and did not allege that he was harmed in any way or was at risk of harm. The Court is constrained to conclude that Johnson has not adequately alleged an Eighth Amendment violation.[2]

---

[2] The Court declines to address Defendants' remaining arguments in support of their motion to dismiss.

**Conclusion**

For the foregoing reasons, the Defendants' Motion, construed as a motion to dismiss, is granted. A separate Order follows.

<u>June 27, 2023</u>                                         <u>            /s/                      </u>
Date                                                              Stephanie A. Gallagher
                                                                       United States District Judge